IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANTHONY L. LIVINGSTON, | : | CIVIL NO. 4:CV-05-0923 |
| Petitioner | : | (Judge Jones) |
| v. | : | |
| UNITED STATES OF AMERICA, | : | |
| Respondent | : | |

**ORDER**

May 11, 2005

**THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:**

Petitioner, Anthony L. Livingston ("Petitioner" or "Livingston"), an inmate confined in the United States Penitentiary, in Lewisburg, Pennsylvania, filed this Petition for Writ of Habeas Corpus ("the Petition") pursuant to 28 U.S.C. § 2241. (See Rec. Doc. 1). Along with his Petition, Livingston filed an application to proceed in forma pauperis. Petitioner states that he was convicted and sentenced in the United States District Court for the District of New Jersey. His Petition states in toto as follows:

> I am only trying to seek and obtain permission of the court to file another petition raising Blakely claim and Reginald Shepard claim which the Supreme Court has decided March 7, 2005.

(See Rec. Doc. 1).

For the reasons that follow, Livingston's application to proceed in forma pauperis

will be granted for the purpose of filing the Petition, and the Petition will be dismissed.

**Discussion**

Habeas corpus petitions brought under § 2241 are subject to summary dismissal pursuant to Rule 4 ("Preliminary Consideration by the Judge") of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254 (1977) (applicable to § 2241 petitions under Rule 1(b)). See, e.g., Patton v. Fenton, 491 F. Supp. 156, 158-59 (M.D. Pa. 1979). Rule 4 provides in pertinent part: "If it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified."

A petition may be dismissed without review of an answer "when the petition is frivolous, or obviously lacking in merit, or where . . . the necessary facts can be determined from the petition itself . . . ." Allen v. Perini, 424 F.2d 134, 141 (6th Cir. 1970), cert. denied, 400 U.S. 906 (1970); accord Love v. Butler, 952 F.2d 10, 15 (1st Cir. 1991). The Allen court also stated that "the District Court has a duty to screen out a habeas corpus petition which should be dismissed for lack of merit on its face." Allen, 424 F.2d at 141.

Pursuant to 28 U.S.C. § 2244(b)(3)(A), prior to filing a second or successive petition, a petitioner must move in the appropriate court of appeals for an order

2

authorizing the district court to consider the application. It is apparent from Livingston's petition that he is attempting to seek permission from the United States Court of Appeals for the Third Circuit to file a second or successive petition. As such, this Court lacks jurisdiction over the subject matter. See Robinson v. Johnson, 313 F.3d 128 (3d Cir. 2002)(citing Spivey v. State Bd. of Pardons & Paroles, 279 F.3d 1301, 1303 (11th Cir.2002) (per curiam) (holding that where prisoner's § 1983 claim was the "functional equivalent" of a second habeas petition, and "he did not first apply with this Court for permission to file a second or successive petition as required by 28 U.S.C. § 2244(b)(3)(A), the district court lacked jurisdiction to entertain [his] claim")); United States v. Gallegos, 142 F.3d 1211, 1212 (10th Cir. 1998) (per curiam) (concluding that when petitioner failed to obtain "prior authorization" from the court of appeals before filing his third habeas petition in the district court, the "district court lacked subject matter jurisdiction" to decide the petition and its order on the merits "must be vacated"); Nelson v. United States, 115 F.3d 136, 136 (2d Cir. 1997) ("to the extent the district court dealt with the [successive] § 2255 motion on its merits, the judgment of that court be and it hereby is vacated for lack of jurisdiction in that court to entertain the motion" because petitioner had not obtained an order authorizing such a petition from the court of appeals)). Consequently, Petitioner's federal habeas corpus Petition will be dismissed without prejudice.

**NOW, THEREFORE, IT IS ORDERED THAT:**

1. Petitioner's application to proceed in forma pauperis is GRANTED only for the purpose of filing the Petition.

2. The Petition for Writ of Habeas Corpus (doc. 1) is DISMISSED without prejudice.

3. The Clerk of Court is directed to CLOSE this case.


                                            s/ John E. Jones III
                                            John E. Jones III
                                            United States District Judge